**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CURTIS N. HARRIS-BEY

        Plaintiff,                                           Case. No. 2:19-cv-11556

v.                                                                      Hon. Nancy G. Edmunds

G. HISSONG, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

Plaintiff Curtis N. Harris-Bey, formerly confined by the Michigan Department of Corrections (MDOC) in Adrian, Michigan,[1] filed this *pro se* civil rights complaint against five MDOC employees in their individual capacities, seeking compensatory and punitive damages. Plaintiff alleges all five defendants violated his First Amendment rights by retaliating against him for his grievances and complaints. The Court granted Plaintiff's application to proceed without prepaying fees or costs on June 24, 2019. (ECF No. 5.) The Court now dismisses Defendant Baker.

### I.     BACKGROUND

Plaintiff Harris-Bey's complaint describes Defendants' objections to his grievances and complaints over several months. Defendants not only verbally objected to his grievances but acted on their disapproval variously by terminating two of his job assignments and filing a major misconduct ticket against him. Plaintiff asserts that these

---

[1] Plaintiff was transferred to Baraga Correctional Facility in Baraga, Michigan, after the events described in his complaint.

actions were retaliation for his grievances. A brief chronology of the events about which Harris-Bey complains follows:

A. July 10, 2018

Plaintiff filed a grievance over being forced to work two job assignments, laundry (his original assignment) and "backdock." (Compl. at 5, ECF No. 1, PageID 5.) Plaintiff "kited" Defendant Harpst, but the situation was resolved by the facility warden in August.

B. September 15, 2018

Defendant Baker ordered Plaintiff to continue to do backdock work and threatened to fire him he did not follow orders. (*Id.*) Baker told Plaintiff he did not care about Plaintiff's past grievances. (*Id.*) Plaintiff claims "[t]his was an act of retaliation" by Baker and filed a grievance against him on the same day. (*Id.*)

C. October 5, 2018

Defendant Hissong threatened to fire Plaintiff during a grievance interview if he did not sign the grievance stating it had been resolved. (*Id.* at 5-6.) Hissong told Plaintiff "there is a problem filing grievances against his [Hissong's] co-workers." (*Id.* at 6.)

D. October 19, 2018

Defendants Jones and Randle told Plaintiff he was going to get fired "and possibl[y] more" if he kept filing grievances. (*Id.*) Plaintiff attempted to talk to them, but then told them he was going to file a grievance against them

for their "continuous threats." (*Id.*) Jones and Randle told Plaintiff he was fired, and he was sent back to his housing unit. (*Id.*)

E. October 22, 2018

Plaintiff was assigned to a new work duty, sanitation, on his own request. (*Id.*) He responded to a "call-out" for the new work assignment, but on arrival, was ordered back to his housing unit by Defendants Jones and Hissong. (*Id.* at 6-7.) Both told him they were tired of his complaining and his grievances. (*Id.* at 7.) Hissong told Plaintiff he was going to contact Defendant Harpst to stop the work assignment immediately. Plaintiff sent a "kite/letter" to Defendant Harpst expressing concern about being terminated and asking for a copy of a related form. (*Id.*)

F. October 24, 2018

Plaintiff received a response from Harpst which said he had not received a termination request regarding Plaintiff. (*Id.*) However, the same day, Plaintiff was removed from his work assignment by Harpst. (*Id.*) Plaintiff asserts that Defendant Harpst removed him from the work assignment with a retaliatory motive because of his grievance filings, saying "[i]t's clear Defendant Harpst collaborated with his co-workers." (*Id.*) Harpst was aware that Plaintiff had received no "write-ups." (*Id.*)

G. January 4, 2019

During a grievance interview with Plaintiff, Defendant Hissong was hostile and threatening over Plaintiff's grievances and complaints about food

service. (*Id.* at 8.) Hissong wrote Plaintiff a "Major Misconduct" ticket for alleged threatening behavior. (*Id.*)

H. January 10, 2019

The hearing officer who addressed the misconduct ticket reduced the threatening behavior charge to a lesser charge of insolence. (*Id.*) However, Plaintiff was sentence to 25 days of lost privileges, after having been on "top lock"[2] for a week before the hearing was held. (*Id.*)

## II. LEGAL STANDARD

### A. Screening requirements

A civil complaint filed by a prisoner proceeding *pro se* is subject to the screening requirements of 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To determine whether a plaintiff has failed to state a claim, a court must "construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." *Wershe*

---

[2] "'[T]op lock' status . . . essentially means that he was confined to his cell for those days." *Marcilis-Bey v. Klujeak*, 110 F.3d 64 (6th Cir. 1997) (Table).

4

v. Combs, 763 F.3d 500, 505 (6th Cir. 2014) (quoting *Harbin–Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)).

### B. Pleading requirements

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and legal conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly*/*Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

A *pro se* civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Consistent with *Twombly* and *Iqbal*, the Sixth Circuit has observed that "[d]espite the leniency afforded to . . . *pro se* litigant[s], however, our standard of review requires more than the bare assertion of legal conclusions, and thus the complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). Neither the Supreme Court nor other courts "have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing, *inter alia*, *Haines*, 404 U.S. at 521).

### C. Retaliation standards

To state a First Amendment retaliation claim, a plaintiff must plausibly allege that: "(1) he engaged in protected conduct; (2) the defendant took an adverse action against him 'that would deter a person of ordinary firmness from continuing to engage in that conduct'; and (3) . . . the adverse action was taken (at least in part) because of the

protected conduct." *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc)).

First, filing non-frivolous grievances against prison officials is an undisputed First Amendment right and therefore "protected conduct." *Hill*, 630 F.3d at 472 (citing *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). A prisoner need not allege that his grievances are non-frivolous to survive screening under §§ 1915A and 1915(e)(2)(B). *Id.* (citing *Eby*, 481 F.3d at 440).

Next, whether an action is adverse is a factual question as well as an objective one, independent of the reaction of a particular plaintiff. *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002) (citing *Thaddeus-X*, 175 F.3d at 398–99); *id.* at 606. Demonstrating adverse action requires a plaintiff show more than a *de minimis* level of action by the defendant, *see Ingraham v. Wright*, 430 U.S. 651, 674 (1977), or an "insignificant act[] of retaliation." *Bell*, 308 F.3d at 606.

However, the alleged adverse action does not have to rise to the level of a constitutional violation. *Thaddeus-X*, 175 F.3d at 397, n. 13 ("An injury may be sufficient to confer standing in a retaliation case and yet be insufficient to be redressable under constitutional tort law"). A prison official's "charging an inmate with a major misconduct violation" was found to be sufficiently adverse under *Thaddeus-X* because it could "result in the prisoner's segregation or loss of good time credits." *Carter v. Dolce*, 647 F. Supp. 2d 826, 834–35 (E.D. Mich. 2009) (citing *Brown v. Crowley*, 312 F.3d 782, 789 (6th Cir. 2002)). Another adverse action is the loss of a prison job. *See Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999); *Spruytte v. Hoffner*, 181 F. Supp. 2d 736, 743 (W.D. Mich. 2001).

Finally, a plaintiff claiming retaliation in violation of the First Amendment must demonstrate the official was motivated at least in part by a retaliatory animus. *Thaddeus–X*, 175 F.3d at 394, 399. However, if retaliation was not the "but-for cause," and the defendant "even without the impetus to retaliate . . . would have taken the action complained of[,]" a causal connection will not be found. *Hartman v. Moore*, 547 U.S. 250, 260 (2006) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). *Accord, King v. Zamiara*, 680 F.3d 686, 709 (6th Cir. 2012) (applying *Mt. Healthy*'s standard in the prison retaliation context) (citing *Mt. Healthy*, 429 U.S. at 285; *Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002)). For example, the court in *Carter v. Dolce* found the same-day occurrence of the plaintiff's protected conduct (a threatened grievance) and the defendant's imposition of a "major misconduct charge" supported an inference of retaliation. 647 F. Supp. 2d at 835. However, because the defendant in *Carter* would have issued the same misconduct ticket whether the plaintiff threatened a grievance or not, she prevailed on a summary judgment motion. *Id.* at 837.

### III. DISCUSSION

Plaintiff fails to state a claim upon which relief may be granted against Defendant Baker. Plaintiff asserts Baker threatened to fire him for refusing to perform the additional "backdock" job assignment. (Compl. at 5, ECF No. 1, PageID 5.) However, he does not state that Baker followed through on that threat, nor does he charge Baker with any other conduct, unconstitutional or otherwise, besides the work assignment orders. Plaintiff says Baker ordered him to do "backdock work," perform as a "gatekeeper," and to close the backdock door. (*Id.*) In his brief description of the work, Plaintiff does not characterize it as onerous, dangerous, or problematic, beyond the fact that it was a second work

assignment. Finally, while Plaintiff alleges Baker's action was retaliatory, he also says Baker told him he did not care about Plaintiff's past grievances. (*Id.*)

Applying *Thaddeus-X* and section 1915(e), the Court takes Plaintiff's allegations as true and construe them in a light most favorable to him. Plaintiff did engage in protected conduct and Baker was aware of Plaintiff's grievances. However, Plaintiff cites no actual adverse action taken against him "that would deter a person of ordinary firmness from continuing to engage in that conduct." *Thaddeus–X*, 175 F.3d at 394. While the second job assignment may have been a burden, Plaintiff did not lose a job.

In addition, the Complaint fails to establish causality. Plaintiff undermines his own case when he states that Baker told him he did not care about Plaintiff's past grievances. He also explains Baker's motivation for the firing threat: that is, if Plaintiff did not follow his orders. (Compl. at 5, ECF No. 1, PageID 5.) As a result, Plaintiff has not established either of *Thaddeus-X*'s second or third prongs and therefore has not demonstrated retaliation in violation of the First Amendment.

## IV. ORDER

Accordingly, the complaint against Defendant Baker is summarily DISMISSED. 28 U.S.C. §§ 1915(e)(2), 1915A(b).

**SO ORDERED**.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2019