UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HARRIS BEY,

        Plaintiff,

v.

G. HISSONG, *et al*.,

        Defendants.
_____/

Case No. 2:19-cv-11556
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT/DEFAULT JUDGMENT (ECF No. 21) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR ALTERNATE SERVICE (ECF No. 20)

This matter is before the Court for consideration of Plaintiff Curtis Harris Bey's motions for default/default judgment against Defendants Gregg Hissong, Jennifer Jones, and Charles Randall (ECF No. 21), and for alternate service (ECF No. 20).[1] For the reasons that follow, Plaintiff's motion for default judgment is **DENIED**, and Plaintiff's motion for alternate service is **DENIED AS MOOT**.

---

[1] Defendant Randall's name appears as Randle in the docket per Plaintiff's spelling; however, in Defendants' response to Plaintiff's motion for default/default judgment, his name is spelled Randall. In a July 16, 2019 opinion and order, the Court dismissed Defendant Baker from the lawsuit. (ECF No. 6, PageID.33.)

### A. Background

Plaintiff, a state prisoner proceeding *in forma pauperis*, brings this prisoner civil rights lawsuit alleging a violation of his First Amendment rights. (ECF No. 1.) Judge Edmunds referred this case to me for all pretrial matters. (ECF No. 16.)

### B. Plaintiff's Motion for Default/Default Judgment (ECF No. 21)

On May 20, 2020, though not docketed by the Court until June 5, 2020 as a result of mailing delays due to the COVID-19 pandemic, Plaintiff filed a motion for default/default judgment and accompanying declaration pursuant to Fed. R. Civ. P. 55 against Defendants Hissong, Jones, and Randall, requesting that the Court enter a default and default judgment against them for failure to file "any kind of motion, answer or legal papers after the time limits set by F.R.C.P." (ECF No. 21) (capitalization standardized). Defendants Hissong, Jones, and Randall filed a response in opposition on June 5, 2020. (ECF No. 22.)

Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, when the plaintiff's claim is not for a sum certain or sum that can be made certain by computation, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately."

*Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quotation marks and citation omitted). In *Vongrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D. Cal. 2004), the court explained:

> The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment.

*See also Ramada Franchise Sys., Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ("Entry of a default . . . is a prerequisite to entry of a default judgment under Rule 55(b).") (quotation marks and internal citation omitted).

Entry of a default or default judgment would be improper here. Plaintiff filed this action *in forma pauperis*, and the action is governed by the Prisoner Litigation Reform Act ("PLRA"), which provides in relevant part as follows:

> **(g) Waiver of reply**
>
> **(1)** Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> **(2)** The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

3

42 U.S.C. § 1997e(g). As such, even though Defendants Hissong, Jones, and Randall were served, they were only required to file an answer if the Court so ordered, which it did not.[2] Accordingly, Plaintiff's motion for default/default judgment (ECF No. 21) is **DENIED**.

### C. Plaintiff's Motion for Alternate Service

Plaintiff also filed a motion for alternate service on May 20, 2020, docketed by the Court on June 5, 2020, requesting that the Court enter an order directing the U.S. Marshal Service (USMS) to serve Defendant Matthew Harpst. (ECF No. 20.) At the time Plaintiff filed this motion, Defendant Matthew Harpst had not yet filed an appearance. However, on July 2, 2020, he returned as executed his waiver of the service of summons (ECF No. 23), and counsel filed an appearance on his behalf (ECF No. 24). Accordingly, Plaintiff's motion for alternative service is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: July 23, 2020

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court did enter an initial scheduling order (ECF No. 18), but it contains no directive that Defendants file an answer.