UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HARRIS BEY,

       Plaintiff,

v.

GREGG HISSONG, JENNIFER JONES,
CHARLES RANDLE, and MATTHEW
HARPST,

       Defendants.

_____/

Case No. 19-11556

Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE
JUDGE'S JUNE 17, 2021 REPORT AND RECOMMENDATION [37]**

The matter is before the Court on the Magistrate Judge's June 17, 2021 report and recommendation. (ECF No. 37.) The Magistrate Judge recommends granting Defendants' motion for summary judgment. Plaintiff has filed four objections to the report and recommendation. (ECF No. 38.) Having conducted a *de novo* review of the portion of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the report and recommendation.

**I.    Background**

This is a prisoner civil rights lawsuit filed under 42 U.S.C. § 1983 by Plaintiff Curtis Harris Bey against Defendants Gregg Hissong, Jennifer Jones, Charles Randle, and Matthew Harpst. Plaintiff alleges Defendants, who are all Michigan Department of Corrections employees, retaliated against him in violation of his First Amendment rights while he was incarcerated at the Gus Harrison Correctional Facility. More specifically, Plaintiff alleges Defendants retaliated against him for filing grievances by firing him from

1

his kitchen work assignment ("retaliatory firing") and that Defendant Hissong retaliated against him for filing a grievance by issuing him a misconduct ticket for "threatening behavior" on January 4, 2019 ("retaliatory misconduct ticket").

## II. Standard of Review

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

## III. Analysis

Plaintiff first asserts that the Magistrate Judge was biased against him because she found in favor of Defendants, who are employees of a state agency. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. United States*, 510 U.S. 540, 555 (1994). And there is nothing before the Court that would suggest the Magistrate Judge harbors any bias against Plaintiff. Accordingly, Plaintiff's first objection is overruled.

Plaintiff's next two objections involve his general assertions that the Magistrate Judge did not consider his brief and the evidence in this case and that he has established a First Amendment retaliation case. "This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S.

Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). Nonetheless, the Court has conducted a *de novo* review of the record. The Court agrees that Plaintiff has not established the adverse act and causation elements of a First Amendment retaliation claim with regard to his allegedly retaliatory firing,[1] and that the hearing officer's factual findings preclude contrary findings of fact with regard to the misconduct ticket. Thus, Plaintiff's second and third objections are overruled.

Finally, in his fourth objection, Plaintiff refers to the fact that the misconduct ticket originally charged him with threatening behavior, a major misconduct, but after a misconduct hearing, he was found guilty of the lesser charge of insolence, a minor misconduct. While the Sixth Circuit has refused to give a hearing officer's factual determinations at a minor misconduct hearing preclusive effect, *Maben v. Thelen*, 887 F.3d 252, 261 (6th Cir. 2018), here, a major misconduct hearing took place, (ECF No. 33-6, PageID.207-08).[2] And the Court agrees with the Magistrate Judge's analysis of the four factors set forth by the Sixth Circuit in *Peterson v. Johnson*, 714 F.3d 905, 911-13 (6th Cir. 2013), to ultimately conclude that the hearing officer's factual findings in this case are entitled to preclusive effect. Thus, Plaintiff's fourth objection is overruled.

---

[1] To the extent Plaintiff asserts the Magistrate Judge resolved an issue of fact in favor of Defendants by finding he was laid in and not terminated from his kitchen work assignment, the Court notes Plaintiff himself acknowledges receiving back pay. (ECF No. 33-7, PageID.221.) Because the record as a whole indicates that Plaintiff was laid in, his conclusory statement to the contrary is not sufficient to create a genuine issue of material fact on this issue.

[2] In *Colvin v. Washington*, No. 2:18-cv-150, 2019 U.S. Dist. LEXIS 21275, at *27-29 (W.D. Mich. Feb. 11, 2019), a case the Magistrate Judge cites to, the court gave threatening behavior and disobeying a direct order tickets preclusive effect because both were handled in a major misconduct hearing.

## IV. Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation (ECF No. 37). Accordingly, the Court GRANTS Defendants' motion for summary judgment (ECF No. 33).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 7, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 7, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager